VICTOR MATTHEW LOILER AND ROSEMARY JUNE LOILER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Loiler v. Commissioner
Docket No. 9534-86.
United States Tax Court
T.C. Memo 1987-234; 1987 Tax Ct. Memo LEXIS 230; 53 T.C.M. (CCH) 785; T.C.M. (RIA) 87234; May 5, 1987. Victor M. Loiler, pro se. *232 Shelleyanne W. L. Chang, for the respondent. GUSSIS
MEMORANDUM FINDINGS OF FACT AND OPINION GUSSIS, Special Trial Judge: This case was assigned pursuant to the provisions of section 7456(d)(3) (redesignated as section 7443A(b)(3) by section 1556 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2755) and Rules 180, 181 and 182. [1]
Respondent determined a deficiency in petitioners' income tax for 1981 in the amount of $1,131 and an addition to tax under the provisions of section 6651(a) in the amount of $283. Petitioners concede the adjustment to income in the statutory notice of deficiency with respect to depreciation in the amount of $900. The remaining issues are (1) whether petitioner Victor M. Loiler is entitled to claim an exemption from self-employment tax under section 1402(e) or section 1402(g); (2) whether petitioners are liable for an addition to tax under section 6651(a) for failure to file a timely return for the taxable year 1981; and (3) whether *233 the assessment of a deficiency for the taxable year 1981 is barred by the statute of limitations. For purposes of convenience the findings of fact and opinion have been combined. Some of the facts were stipulated and they are herein incorporated by this reference. Petitioners were residents of Floresville, Texas at the time the petition herein was filed. During the year 1981 petitioner Victor M. Loiler was principally engaged in a cabinet-making business under the name of Victor M. Loiler Custom Cabinets. In 1981 petitioner was a commissioned or licensed minister of the Believers in Fellowship, an independent, nondenominational group of Christians whose purpose is to send missionaries to foreign countries as well as to provide a forum for worship. The Believers in Fellowship, which is based in Bend, Oregon, is not recognized by the respondent as a religious organization under section 501(c)(3) or as a church under section 170(b)(1)(A)(i). The Believers in Fellowship was established in the 1960's. Although there are elders of the group, there is no paid pastor of the group. A joint Federal income tax return for the taxable year 1981 filed by petitioners was received by respondent *234 on April 5, 1983. An Application for Exemption from Tax on Self-Employment Income and Waiver of Benefits (form 4029) executed by petitioner Victor M. Loiler was received by respondent on March 31, 1983. Two Applications for Exemption from Self-Employment Tax for use by Ministers, Members of Religious Orders and Christian Science Practitioners (form 4361) were executed by petitioner. The first application was received by respondent on April 5, 1982 and the second on August 9, 1982. Petitioners have the burden of proof to show that they filed a timely return for the taxable year 1981. . The last date prescribed by law for filing petitioners' 1981 Federal income tax return was April 15, 1982. Section 6072(a). Petitioners' 1981 return was received by the Internal Revenue Service in Ogden, Utah on April 5, 1983. Petitioner, Victor M. Loiler's self-serving statement is clearly insufficient to support his position and to overcome the presumptive correctness of respondent's determination. He was unable to provide any evidence of timely mailing and could not recall where he mailed the return. Nor could he recall when he signed *235 it. Petitioner's contention that his 1981 tax return and the various claims for exemption from self-employment tax were all mailed at the same time is refuted by the record. Petitioner's Form 4029 was received by the Internal Revenue Service on March 31, 1983. A Form 4361 was received by the Internal Revenue Service on April 5, 1982 and the second Form 4361 was received on August 9, 1982. Moreover, petitioners' 1981 Federal income tax return, which was received by the Internal Revenue Service on April 5, 1983, only contains a reference to Form 4029 which, as indicated above, was received by the Internal Revenue Service at or about the same time as the income tax return. We have carefully considered the entire record and we must conclude that petitioner has failed to show that he filed a timely income tax return for the year in question. The respondent issued the statutory notice of deficiency for the year 1981 on January 28, 1986 which date is within the three-year period after the petitioner's tax return was filed on April 5, 1983. Consequently, the three-year statutory limitation under section 6501 is not applicable to bar assessment of a deficiency for the taxable year 1981. *236 Section 1402(e) permits an exemption from the self-employment tax for payments made to an ordained minister with respect to his services in the performance of his duties as a minister. Here, petitioner's income came from his commercial cabinet-making enterprise and, to some minor extent, from a delicatessen in which he held an interest. None of his income came from services as a minister. In fact. it appears that there is no paid pastor of the Believers in Fellowship. On this record, therefore petitioner does not qualify for the exemption from self-employment tax provided under section 1402(e). Section 1402(g), as here applicable, provides an exemption from self-employment tax for members of certain religious faiths only if, upon the filing of a proper application by a member of a recognized religious sect or division thereof with established tenents or teachings as described in section 1402(g)(1), the Secretary of Health, Education and Welfare (now the Secretary of Health and Human Services) finds, inter alia, that the sect or division thereof qualifies under section 1402(g)(1) and such sect or division thereof has been in existence at all times since December 31, 1950. *237 It is stipulated that the Believers in Fellowship was established in the 1960's. It follows, therefore, that petitioner cannot qualify for exemption from self-employment tax under this subsection of the Code. We so hold. [2]
Section 6651(a) imposes an addition to tax for failure to file a timely return unless it is shown that such failure is due to reasonable cause and not due to willful neglect. Petitioner has the burden of proof. . The last date prescribed by law for filing petitioner's 1981 tax return was April 15, 1982. Section 6072(a). Petitioner's return was received by the Internal Revenue Service in Ogden, Utah on April 5, 1983. We have considered petitioner's explanation of the circumstances surrounding the purported timely mailing of the 1981 return, and, as indicated *238 above, we find petitioner's testimony quite vague and generally unpersuasive. Moreover, the testimony is not readily reconcilable with the documentary evidence introduced by the parties. We must conclude on this record that petitioner has failed to meet his requisite burden of proof on this issue. Respondent is therefore sustained. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. In view of our conclusion that petitioner has completely failed, as a threshold matter, to qualify for the exemption from self-employment tax under the plain and unambiguous language of the statute, it will not be necessary to discuss the effectiveness, or lack thereof, of the applications for exemption filed by him under the statute.↩